**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA – TAMPA DIVISION**

------------------------------------------------------------ X
ZURICH AMERICAN INSURANCE COMPANY, :    Case No.
                                   :    23-CV-2012
                       Plaintiff,  :
                                   :
      – against –                  :    **COMPLAINT**
                                   :
UNITED AIRLINES, INC. and          :
FIREBOX GLOBAL LOGISTICS LTD.,     :
                                   :
                      Defendants.  :
                                   :
------------------------------------------------------------ X

Plaintiff Zurich American Insurance Company ("Zurich"), as the subrogee of its insured, DelStar International Ltd., by and through its attorney, Daniel W. Raab, P.A., as and for its Complaint against Defendants United Airlines, Inc. ("United Airlines") and Firebox Global Logistics Ltd. ("Firebox"), alleges upon information and belief as follows:

**PARTIES**

1. Plaintiff Zurich is a New York corporation engaged in the insurance business with a statutory home office located at 4 World Trade Center, 150 Greenwich Street, New York, New York 10007, and its principal place of business located at 1299 Zurich Way, Schaumburg, Illinois 60196. It is authorized to transact business and has transacted business in this State.

2. At and during all the times hereinafter mentioned, Zurich was the insurer of non-party Schweitzer-Mauduit International, Inc. and its affiliates, including in particular DelStar International Ltd. ("DelStar"), pursuant to a certain cargo insurance policy, and became subrogated to the rights of its insureds, upon indemnifying said interests for the loss of cargo described herein.

3. Plaintiff's subrogors are shippers, consignees, and/or receivers of the cargo shipment described herein, and/or a person with a proprietary interest in the cargo, and/or a person owning, or holding or entitled to possession of, the cargo or the air waybill described herein.

4. DelStar is a foreign business entity duly organized and existing under and by virtue of the laws of the United Kingdom, with a registered office at 10 Temple Back, Bristol, United Kingdom, BS1 6FL.

5. Defendant United Airlines is a domestic business entity duly organized and existing under and by virtue of the laws of the State of Delaware, with its principal place of business located at 233 South Wacker Drive, Chicago, Illinois 60606.

6. At the time of the filing of this Complaint, Defendant United Airlines designated, with the Florida Department of State, CT Corporation System, with an office located at 1200 S. Pine Island Road, Plantation, Florida 33324, as its agent for service of process.

7. Defendant Firebox is foreign business entity duly organized and existing under and by virtue of the laws of the United Kingdom, with a registered office at 2.14 Holmfield Mills, Holdsworth Road, Halifax, West Yorkshire, England, HX3 6SN.

8. At and during all the times hereinafter mentioned, Defendants directly or through their intermediaries, agents, subsidiaries, and/or affiliates were engaged as direct or indirect common air carriers for hire of property to customers in the State of Florida, and regularly do or solicit business, and/or engage in a persistent course of conduct, and/or derive substantial revenue from goods used or services rendered, in this State.

9. At and during all the times hereinafter mentioned, Defendants maintained continuous and systematic contacts with the State of Florida.

10. At and during all the times hereinafter mentioned, Defendants were and are engaged in business as direct or indirect common carriers of goods by air for hire.

**JURISDICTION AND VENUE**

11. This controversy arises from the damage to or loss of goods carried by international air, between the United Kingdom and the United States, subject to the Convention for the Unification of Certain Rules for International Carriage by Air, S.

Treaty Doc. No. 106-45 (May 28, 1999)(the "Montreal Convention"), and comes within the Court's original jurisdiction under 28 U.S.C. § 1331 (2018).

12. To the extent that Plaintiff asserts any claim not within this Court's original jurisdiction, Plaintiff invokes the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367 (2018).

13. This Court has personal jurisdiction over the Defendants pursuant to the Article 33 of the Montreal Convention and because the Defendants purposely directed activities toward the State of Florida and purposely availed themselves of the privileges of conducting activities in the State by arranging and undertaking air carriage into this State and for purposefully delivering the cargo described herein into this State. Plaintiff's causes of action herein arise out of or result from the aforementioned forum-related contacts of the Defendants, in particular, the delivery of cargo into this State.

14. The venue of this action is proper because a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

## FACTS

15. On or about August 31, 2021, DelStar agreed, contracted with, or otherwise engaged the Defendants directly or indirectly, to transport four pallets of plastic self-adhesive sheets/film, weighing approximately 2,482 kg, from Manchester, United Kingdom, to Tampa, Florida, United States (hereinafter the

"Cargo") there to be delivered in the same good order and condition as when received. Ultimately, the Cargo was destined for ASO LLC at Sarasota, Florida.

16. The Cargo was tendered to Defendants in good order and condition on or about September 1, 2021, for the aforementioned carriage in accordance with the terms of a contract of carriage evidenced by Defendant Firebox's air waybill, which was assigned number FGLE6659.

17. Upon information and belief, Defendant Firebox brokered, subcontracted, and/or otherwise agreed with Defendant United Airlines to transport by air the Cargo, for which carriage Defendant United Airlines issued air waybill 016-3625 3626.

18. Defendants accepted without objection or exception the booking and carriage instructions for the Cargo.

19. Defendants undertook and obligated themselves to carry the Cargo diligently, safely, and free of damage.

20. While the Cargo was in the care, custody, and/or control of the Defendants, the Cargo was damaged.

21. On September 8, 2021, the Cargo was delivered not in the same good order and condition in which it was tendered to Defendants, but rather damaged.

22. Representatives holding interest in the Cargo reported to Defendants that the Cargo was damaged on or about September 9-10, 2021.

23. As a result of the aforementioned lost Cargo, DelStar suffered damages in an amount no less than $51,163.95.

24. Pursuant to the terms of a certain policy of insurance issued by Plaintiff to Schweitzer-Mauduit International, Inc. and its affiliates, including in particular DelStar, which policy was assigned number OC5842633, and because of the damaged Cargo described herein, Plaintiff was compelled to pay and did pay its insured the sum of $51,163.95 (less any applicable deductible) and Plaintiff thereupon became subrogated to all the rights and remedies available to its insureds by virtue of the events described herein.

25. Plaintiff and all parties to said contracts of carriage for whom Plaintiff may be responsible have performed all terms and conditions of said contracts of carriage on their part required to be performed.

26. Plaintiff brings this action on its own behalf and as agent, assignee, subrogee (equitable or otherwise), and/or trustee on behalf and for the interest of all parties who may be, or become, interested in the said shipment, as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

27. By reason of the foregoing, Plaintiff sustained damages in a sum not less than $51,163.95 as nearly as can now be estimated. Said sum has not been paid although duly demanded and remains owing to Plaintiff from Defendants.

## FIRST CAUSE OF ACTION — BREACH OF CONTRACT

28. Plaintiff repeats and realleges its allegations contained in paragraphs "1" through "27" of this Complaint as if fully set forth herein.

29. Plaintiff's subrogors maintain agreements and written contracts with Defendants pursuant to which, for monetary consideration, Defendants are responsible for transportation under the aforementioned air waybills of the Cargo from the United Kingdom to the United States.

30. On the aforementioned shipping date, there was delivered to Defendants in good order and condition the Cargo, suitable in every respect for the intended transportation for which Defendants received, accepted, and agreed to transport said Cargo for certain consideration to the United States and to the designated consignee.

31. Defendants, in consideration of reasonable compensation, agreed to safely and promptly carry the Cargo and deliver same in good order to the United States and to the designated consignee.

32. Plaintiff's subrogors have performed all conditions, covenants, and promises on their part to be performed.

33. Defendants breached their agreement and/or contract with Plaintiff's subrogors by failing to safely carry and deliver in good order the Cargo to its intended final destination and consignee.

34. As a direct and proximate result of Defendants' breaches of their duties, Plaintiff has suffered damages in the amount of $51,163.95 as nearly as can be estimated.

**WHEREFORE**, Plaintiff Zurich American Insurance Company as subrogee of Schweitzer-Mauduit International, Inc. and its affiliates, in particular DelStar International Ltd., respectfully prays for judgment to be entered in its favor and against Defendants United Airlines, Inc. and Firebox Global Logistics Ltd. jointly and severally in the amount of Plaintiff's damages, plus interest and costs, and together with such other and further relief this Court may deem just, equitable, and proper.

## SECOND CAUSE OF ACTION — NEGLIGENCE

35. Plaintiff repeats and realleges its allegations contained in paragraphs "1" through "34" of this Complaint as if fully set forth herein.

36. On the aforementioned shipping date, there was delivered to Defendants in good order and condition the Cargo, suitable in every respect for the intended transportation for which Defendants received, accepted, and agreed to transport said Cargo for certain consideration to the United States. As such, Defendants owed a duty to Plaintiff and/or its subrogors to use reasonable care in the transportation of the Cargo, including all reasonable steps to ensure the Cargo reached its destination in good order and condition.

37. Defendants negligently failed to transport the Cargo with suitable carriers, failed to take reasonable measures to prevent damage to the Cargo, breached and violated their duties as providers of transportation services and their obligations as common carriers of said Cargo, and otherwise failed to act within the standard of care required of a carrier of goods for hire and/or a broker of such carriage.

38. As a direct and proximate result of Defendants' breaches, Plaintiff has suffered damages in the amount of $51,163.95 as nearly as can be estimated.

**WHEREFORE**, Plaintiff Zurich American Insurance Company as subrogee of Schweitzer-Mauduit International, Inc. and its affiliates, in particular DelStar International Ltd., respectfully prays for judgment to be entered in its favor and against Defendants United Airlines, Inc. and Firebox Global Logistics Ltd. jointly and severally in the amount of Plaintiff's damages, plus interest and costs, and together with such other and further relief this Court may deem just, equitable, and proper.

### THIRD CAUSE OF ACTION -- BREACH OF BAILMENT

39. Plaintiff repeats and realleges its allegations contained in paragraphs "1" through "38" of this Complaint as if fully set forth herein.

40. Defendants were acting as bailees of the Cargo at the time it was damaged.

41. Defendants, by themselves and/or through their agents, contractors, representatives, servants, subcontractors, and/or sub-bailees, had a legal duty to carry the goods in accordance with Plaintiff's subrogors' instructions and deliver the Cargo in good order and perform their services in a proper and workmanlike manner.

42. Defendants breached their obligations, including their bailment obligations, by failing to carry the goods in accordance with Plaintiff's subrogors' instructions and by failing to deliver the Cargo in as good condition as when the Cargo was entrusted to them.

43. As a direct and proximate result of Defendants' breaches, Plaintiff has suffered damages in the amount of $51,163.95 as nearly as can be estimated.

**WHEREFORE**, Plaintiff Zurich American Insurance Company as subrogee of Schweitzer-Mauduit International, Inc. and its affiliates, in particular DelStar International Ltd., respectfully prays for judgment to be entered in its favor and against Defendants United Airlines, Inc. and Firebox Global Logistics Ltd. jointly and severally in the amount of Plaintiff's damages, plus interest and costs, and together with such other and further relief this Court may deem just, equitable, and proper.

Dated: September 7, 2023
Miami, Florida

                                        Respectfully submitted,

LAW OFFICE OF DANIEL W. RAAB, P.A.
*Attorneys for Zurich American Insurance Co.*

By:            s/*Daniel W. Raab*
Daniel W. Raab, Esq.
Kendall Executive Center
9555 North Kendall Drive, Suite 210
Miami, Florida 33176
Tel: (305) 598-5517
Fax: (305) 598-5593
Email: raabdaniel57@gmail.com